# Supreme Court of Texas

No. 19-0092

Grassroots Leadership, Inc., et al.,

*Petitioners*,

v.

Texas Department of Family and Protective Services, et al.,

*Respondents*

On Petition for Review from the
Court of Appeals for the Third District of Texas

**PER CURIAM**

Justice Blacklock did not participate in the decision.

In this suit, we determine whether the plaintiffs have standing to challenge a Department of Family and Protective Services licensing rule governing immigration detention centers. The court of appeals concluded that the plaintiffs—detained mothers, their children, a day-care operator, and an organization representing their interests— lacked standing to sue. Because the detained mothers and their children allege concrete personal injuries traceable to the adoption of the rule, we hold that they have standing. Accordingly, without hearing oral

argument, we grant the petition for review and reverse the court of appeals' judgment. We remand to the court of appeals for consideration of the parties' remaining jurisdictional issues and the merits, as appropriate.

**I**

In 2014, U.S. Immigration and Customs Enforcement began to detain undocumented families with children at two residential detention centers, known as the Dilley and Karnes centers. Respondents CoreCivic and GEO Group are private prison companies that operate these facilities.

In 2015, a federal court ruled that the Dilley and Karnes centers lacked an appropriate childcare license and thus the operators had violated a federal consent decree requiring that such facilities be state-licensed when housing detained minors. *Flores v. Johnson*, 212 F. Supp. 3d 864, 877-80 (C.D. Cal. 2015). The federal court enjoined family detention at the two facilities. *Id.* at 887.

The Department, also a respondent, then promulgated a rule, first on an emergency basis and then formally, establishing licensing requirements for family residential centers like the Dilley and Karnes centers.[1] 26 TEX. ADMIN. CODE § 748.7. Before the Rule's adoption, state regulations prohibited licensed facilities from housing adults and children in the same bedroom except in narrow circumstances. 31 Tex.

---

[1] At the time of trial, Chapter 42 of the Texas Human Resources Code gave the Department of Family and Protective Services childcare licensing authority. Since then, statutory restructuring has given that oversight to the Health and Human Services Commission. Both state agencies are parties to this lawsuit.

Reg. 1995, 1996 (2006), *adopted by* 31 Tex. Reg. 7455, 7456 (2006), *amended by* 47 Tex. Reg. 2248, 2248 (2022) (former 26 TEX. ADMIN. CODE § 748.3361) (Tex. Health & Hum. Servs. Comm'n); 31 Tex. Reg. 1972, 1973 (2006), *adopted by* 31 Tex. Reg. 7440, 7440 (2006), *amended by* 47 Tex. Reg. 2248, 2248 (2022) (former 26 TEX. ADMIN. CODE § 748.1937) (Tex. Health & Hum. Servs. Comm'n).[2] To permit the Dilley and Karnes facilities to house families together, the amended Rule eliminates that limitation:

> A family residential center is not required to comply with . . . (2) the limitation on a child sharing a bedroom with an adult . . . if the bedroom is being shared in order to allow a child to remain with the child's parent or other family member . . . .

26 TEX. ADMIN. CODE § 748.7(c).

Petitioner Grassroots Leadership, a nonprofit advocacy group, sued the Department to challenge Rule 748.7. It later amended its petition to add several detainee mothers, individually and on behalf of their children, and a day-care operator as plaintiffs. These parties also join as petitioners here.[3] The private prison operators intervened as defendants.

The plaintiffs allege that the Dilley and Karnes centers have permitted unrelated adults to share bedrooms with children in reliance

---

[2] At the time Grassroots Leadership filed suit, Texas Administrative Code Sections 748.3361 and 748.1937 both narrowly limited adult-child room-sharing. Since then, Section 748.1937 has been amended to allow children to share bedrooms with parents and adult siblings. 26 TEX. ADMIN. CODE § 748.1937.

[3] Only the detainees' standing is before this Court.

on Rule 748.7(c), and that one minor was sexually assaulted while sharing her room with an unrelated adult. The plaintiffs sought a permanent injunction and declaration stating that the Department lacked authority to adopt Rule 748.7 because, they alleged, it increased the safety risk to the detainees and their children. The plaintiffs also alleged that the Rule's adoption has resulted in longer detention periods at the centers.

The respondents filed pleas to the jurisdiction, contending that the plaintiffs lack standing to challenge the Rule. The trial court granted the jurisdictional pleas in part, dismissing the plaintiffs' claims under the Uniform Declaratory Judgments Act. It denied the pleas as to the remaining grounds and granted the plaintiffs' claim for declaratory relief under the Administrative Procedure Act. The court declared Rule 748.7 invalid because it "contravenes TEX. HUM. RES. CODE § 42.002(4) and runs counter to the general objectives of the Texas Human Resources Code . . . ." The court enjoined the Department from granting licenses under Rule 748.7, but it ordered the Department to otherwise oversee the centers pending appeal.

The court of appeals reversed, holding that all of the plaintiffs lack standing to assert their claims. ____ S.W.3d ____, 2018 WL 6187433, at *1 (Tex. App.—Austin Nov. 28, 2018).[4] With respect to the detained mothers' claims, the court of appeals concluded that their alleged injuries were not traceable to the adoption of Rule 748.7, because the Rule "does not allow a minor to share a bedroom with an *unrelated*

---

[4] In this Court, Grassroots Leadership and the day-care operator do not challenge the court of appeals' ruling.

4

adult." *Id.* at *6. Based on this interpretation, the court held that the detainees did not allege an injury traceable to the Rule. *Id.* Finally, the court of appeals held that any increase in the length of detention is not traceable to the Rule but instead resulted from the interplay of federal policy and the federal consent decree. *Id.* at *7.

The en banc court of appeals denied reconsideration, with three justices dissenting. *Tex. Dep't of Fam. & Protective Servs. v. Grassroots Leadership, Inc.*, 2019 WL 6608700, at *1 (Tex. App.—Austin Dec. 5, 2019).

In this Court, the detained mothers argue that they have alleged concrete injuries traceable to Rule 748.7 that are redressable in state court. In cross-petitions, the respondents contest the detainees' standing and raise issues that the court of appeals did not reach.

**II**

In *Heckman v. Williamson County*, we held that plaintiffs have standing to sue when they allege a concrete personal injury traceable to the defendant's conduct, and the relief requested is likely to redress that injury. 369 S.W.3d 137, 154-55 (Tex. 2012). In this respect, Texas's standing requirements parallel federal standing doctrine. *Id.* at 154. We examine the pleadings in light of this standard.

**A**

Contrary to the court of appeals' construction, the text of Rule 748.7(c) does not confine adult-child bedroom sharing to family member adults; instead, the Rule permits bedroom sharing between a child and an unrelated adult, so long as the adult-child bedroom sharing facilitates housing a child with the child's family member:

> A family residential center is not required to comply with . . . (2) the limitation on a child sharing a bedroom with an adult . . . if the bedroom is being shared in order to allow a child to remain with the child's parent or other family member . . . .

26 TEX. ADMIN. CODE § 748.7(c). Rule 748.7(c) thus removes the general limitation on adult-child bedroom sharing when it permits the child to remain with his or her family, but it is unconstrained as to who may share the room with the child. The plaintiffs complain that some detention residences contain two or more unrelated families, and in some of these, unrelated adults share a bedroom with a child. Before Rule 748.7(c), the then-effective Sections 748.3361 and 748.1937 generally prohibited adults' sharing of rooms with children. The current versions of those sections still generally prohibit such room-sharing unless the adult is a parent or sibling of the child. 26 TEX. ADMIN. CODE §§ 748.3361, .1937.

Because the Rule permits the facilities to house children with unrelated adults—a prohibited arrangement without Rule 748.7(c)—the harm the plaintiffs allege from the housing arrangement is "fairly traceable" to the Rule. *See Heckman*, 369 S.W.3d at 157 (noting that a plaintiff must "merely show that his injuries are 'fairly traceable' to defendants" but need not show a particular defendant's responsibility for the injuries in question (quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984))).

The respondents argue that the harms alleged are not traceable to Rule 748.7(c) because the Dilley and Karnes family residential centers housed children with unrelated adults before the Rule's adoption. Thus, they argue, the Rule did not cause the harm alleged.

6

But the 2015 federal order prohibited such activity at the Dilley and Karnes centers. Following that order, the facilities could not house the child detainees in bedrooms with unrelated adults absent licensure under Rule 748.7.

In *Bennett v. Spear*, the U.S. Supreme Court acknowledged that traceability does not require a defendant's action to be the sole cause of harm. 520 U.S. 154, 169-70 (1997). An injury can be traceable to an action by a defendant when the defendant, "by determinative or coercive effect upon the action of someone else," caused injury to the plaintiff. *Id.* at 169. Though the Dilley and Karnes centers previously housed children with unrelated adults before the Department's oversight, Rule 748.7(c) has a "determinative or coercive effect" on housing at the centers; the operators cannot deviate from Department standards without jeopardizing licensure, and thus the ability to house family detainees altogether.

Accordingly, we hold that the injuries the detainees allege are traceable to the adoption of Rule 748.7(c).

**B**

The court of appeals did not address the concrete-injury and redressability elements of standing, but we do so here.

To satisfy standing's requirements, the alleged injury must be concrete. *Heckman*, 369 S.W.3d at 154-55. Plaintiffs must allege "threatened or actual"—not hypothetical—injuries. *Farmers Tex. Cnty. Mut. Ins. Co. v. Beasley*, 598 S.W.3d 237, 241 (Tex. 2020). The U.S. Supreme Court has observed that a substantial risk may satisfy the concrete-injury requirement for injunctive relief, if that risk is based on

7

a reasonable inference from specifically alleged, current facts. *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2210 (2021); *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 414 n.5 (2013) (noting that standing can derive from "'substantial risk' that the harm will occur," but that plaintiffs must plead and prove "concrete facts showing that the defendant's actual action has caused the substantial risk of harm").

The plaintiffs have alleged that at least one detained child was sexually assaulted by an unrelated adult with whom she shared a room following Rule 748.7(c)'s adoption. Based on this concrete allegation, the plaintiffs allege harm in the form of increased risk of such assaults to minor detainees sharing rooms with unrelated adults, as well as the invasion of the children's privacy from such room-sharing. We have recognized invasion of privacy as a personal injury. *Crosstex N. Tex. Pipeline, L.P. v. Gardiner*, 505 S.W.3d 580, 594 (Tex. 2016). Because the injuries alleged include the actual and impending harm of a legally protected interest, the plaintiffs' allegations are sufficiently concrete to satisfy Constitutional standing requirements.[5]

Without the facilities' licensure, the plaintiffs urge, family detention cannot satisfy the *Flores* order. They seek either injunctive or declaratory relief under the Administrative Procedure Act to forbid the Rule 748.7 licensure of the facilities, which permits room-sharing with unrelated adults. Should the plaintiffs' allegations have merit, the relief

---

[5] Because we have concluded that the detained mothers otherwise have alleged an injury based on allegations of risk of sexual assault and invasion of privacy, we need not address the additionally alleged injury of lengthened harmful detention, which the court of appeals determined did not satisfy standing's traceability element.

sought is likely to redress the claimed injury. *See Heckman*, 369 S.W.3d at 154-55.

The parties dispute whether the Dilley and Karnes centers could alternatively satisfy the *Flores* order by licensure as group residential operations. *See* TEX. HUM. RES. CODE § 42.002(3)-(4) (providing that a "[g]eneral residential operation" is a licensed "child-care facility that provides care for seven or more children for 24 hours a day"). Group residential operations do not permit unrelated adults to share rooms with children. *See* 26 TEX. ADMIN. CODE § 748.3361 (narrowly limiting adult-child bedroom-sharing in group residential operations). Therefore, plaintiffs argue, even if the facilities are licensed as group residential operations, plaintiffs' risk is redressed by an order prohibiting licensure under Rule 748.7(c). Without deciding whether such licensure is available to the Dilley and Karnes centers, we agree that the availability of alternative licensure does not affect the plaintiffs' standing to challenge Rule 748.7.

\*     \*     \*

For these reasons, we hold that the detainees have standing to challenge Rule 748.7. Accordingly, without hearing oral argument, TEX. R. APP. P. 59.1, we grant the petition for review and reverse the court of appeals' judgment. We remand to the court of appeals for consideration of the remaining jurisdictional issues and the merits, as appropriate.

**OPINION DELIVERED:** June 17, 2022